UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X

JILLIAN REID-THOMAS,

    Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE OSCAR L. DEL VALLE, 83rd precinct, POLICE OFFICER CHRISTINE ROBLES, 83 precinct, POLICE OFFICER JOHN/JANE DOE,

    Defendants.

---------------------------------- X

PRELIMINARY PRE-TRIAL STATEMENT

07-CV-06477 (RJH)(DF)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/07
```

Now come the parties, by and through their respective counsel, and hereby and herein submit the following as a Preliminary Pre-Trial Statement as required by the Individual Rules of the Honorable Richard J. Holwell, United States District Judge, Southern District of New York.

1. Description of the Case

a. Attorneys of Record:

Attorney for Plaintiff: Mr. David A. Zelman, Esq.
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225

(718) 604-3072

Attorney for Defendants Ms. Brooke Birnbaum, Esq.
100 Church Street
New York, New York 10007
(212) 676-1347

b. Basis for Federal Jurisdiction: Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. Plaintiff alleges that this Court has pendant jurisdiction over PLAINTIFF's state law claims.

c. Claims asserted in the Complaint and Counterclaims: False Arrest, False Imprisonment, Illegal Strip Search, Illegal Search of Residence, Sexual Assault under both New York State and Federal Statutes.

d. Major Legal and Factual Issues in the Case: Plaintiff alleges that on or about June 8, 2007, REID-THOMAS came home to find her apartment door broken. REID-THOMAS subsequently learned police had broken down her door. On June 9, 2007 defendants started knocking loudly and kicking Plaintiffs door. Plaintiff opened the door and Defendants entered her apartment without consent. Defendants demanded to know where Plaintiff's husband was and she repeatedly said she was unaware of her husbands location. Nevertheless, Defendants drew their service weapons. REID-THOMAS, overcome with fright and fear, urinated on herself. Plaintiff was told to change her clothes. Although Plaintiff repeatedly requested privacy, her pleas went ignored and she was forced to change in front of the Defendants who were both of the opposite-sex. Defendants searched the apartment. For approximately 45 minutes, REID-THOMAS was detained along with her two year old son. Plaintiff was then required to give her son to a neighbor while Defendants placed her in custody. REID-THOMAS was taken to the 83rd precinct and was handcuffed to a stationary object for approximately 18 hours. REID-THOMAS was then released from custody having never been charged. REID-THOMAS continues to have members of the NYPD knock on her door and have done so approximately three times since the date of the arrest. REID-THOMAS suffered greatly and was emotionally traumatized by her detention, imprisonment, continued and constant harassment and threats made to her by Defendants. She has sought medical attention twice for her psychological injuries resulting from this incident.

Defendants contend that there was probable cause to detain and/or arrest plaintiff and that they are entitled to qualified immunity.

e. Relief Sought: Compensatory and Punitive Damages

2. Proposed Case Management Plan

a. Pending Motions: None at this time.

b. Cutoff Date for joinder of additional parties: DECEMBER 15, 2007. ~~November 31, 2007~~ ~~(Plaintiff requests that she be provided twenty days after defendants produce identities of all officers involved in the June 9, 2007 incident. Defendants object to this request.)~~

c. Cutoff Date for amendments to the pleadings: DECEMBER 15, 2007. ~~November 31, 2007~~ (see response to item 2b above)

d. Completion of Discovery: May 23, 2008

i. Cutoff date for 26(a)(1) disclosures: October 26, 2007

ii. Completion of Fact Discovery: March 28, 2008

iii. Cutoff date for 26(a)(2) for Plaintiff's disclosures: March 28, 2008

2

iv. Completion of Expert Discovery: May 23, 2008

Plaintiff's Expert Report to Defendants: March 28, 2008

Defendants' Expert Report disclosures to Plaintiff: April 18, 2008

e. Dispositive Motions Filed on June 27, 2008

Opposition Papers on July 11, 2008

Reply Papers on August 15, 2008

f. Filing a Pre-Trial Order: The parties anticipate that they will be trial ready thirty (30) days after dispositive motions have been decided.

g. Trial Schedule

i. A jury is requested.

ii. It is anticipated that the trial will last 2-3 days.

iii. The case will be trial ready: The parties anticipate that they will be trial ready thirty (30) days after dispositive motions have been decided.

3. The parties do not consent to proceed before a Magistrate.

4. Status of Settlement Discussions

a. Plaintiff has recently made a settlement demand and defendants are in the process of obtaining the relevant documents and obtaining settlement authority.

b. The parties plan to engage in settlement discussions after the relevant documentation has been received and defendants have obtained settlement authority.

c. The parties request a settlement conference at this time.

Dated: Brooklyn, New York
October 9, 2007

DAVID ZELMAN, ESQ.
Attorney for Plaintiff
Law Office of David A. Zelman
612 Eastern Parkway
Brooklyn, NY 11225

By: DAVID ZELMAN (DZ8578 )

5. A pretrial conference shall be held on 5/30/08 at 10:00 a.m.

SO ORDERED

[signature]
USDJ
10/18/07

3

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorneys for Defendants
100 Church Street, Rm 3-219
New York, NY 10007
(212) 788-1276

By: BROOKE BIRNBAUM (BB 8338)

4