**Law Office of David A. Zelman, Esq.**
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072

<u>Via Fax: 212 805-7948</u>
Hon. Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl St., Room 1950
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/08

March 17, 2008

Re: Jillian Reid-Thomas v. City of New York, et. al.
CASE NO: 07-CV-6477

Hon. Richard Holwell:

    This letter is written in conformity with your Honor's Rules and Local Rule 37.2.

    This is a civil rights action in which the plaintiff complains of false arrest, illegal strip search, and sexual assault pursuant to 42 U.S.C. Section 1983 stemming from a June 9, 2007 incident at the plaintiff's apartment. Plaintiff alleges that on the above date, defendant officers forced their way into her apartment and placed her into custody while conducting a search for her husband. Plaintiff alleges that she was held by defendant police officers for approximately eighteen hours at a police precinct before being released without charges. In addition, plaintiff alleges that she was forced to undress in view of defendant male officers. The parties have exchanged initial disclosures, documents demands, responses to document demands, interrogatories, and responses to interrogatories but have yet to conduct depositions.

    This letter is written to the Court for a few purposes and in an attempt to avoid protracted motion practice. First, plaintiff named a John Doe in the complaint and has since learned the identity of this John Doe. Therefore, plaintiff seeks leave to amend the caption in this action by adding proposed police defendant Larry Carito. Defense counsel has indicated in her response to interrogatories that Mr. Carito was present during plaintiff's arrest. The claims as against Detective Carito are timely as the statute of limitations will not expire until June of 2010.

    Second, plaintiff has outstanding discovery demands which have not been adequately responded to. Plaintiff demanded the employment application, performance reviews, personnel and disciplinary file, CCRB complaints, Internal Affairs records relating to defendants Del Valle and Robles. Defendant largely objected to these demands as vague, ambiguous, overbroad and not reasonably calculated to lead to discovery of admissible evidence in its response to document demands.

    Plaintiff maintains that the above documents are relevant and sufficiently tailored to be produced in discovery in this matter. It is alleged in this action that defendants acted recklessly

with respect to Ms. Reid-Thomas. Despite being cooperative with defendant police officers, the unarmed Ms. Reid-Thomas, a thirty five year old black woman and mother of five, was frightened by defendant police due to the alleged drawing of their service weapons. After urinating on herself in fright, Ms. Reid-Thomas was forced to change her clothing in front of defendant officers who were both of the opposite sex. Plaintiff alleges that defendant police officers also threatened to call "ACS" and have her son removed from her custody. Ultimately, police forced plaintiff to give her child to a neighbor while she was transported to the police precinct. Ms. Reid-Thomas was then handcuffed to a stationary object at the police precinct for approximately eighteen hours before being released without any charges. While the facts of this matter are likely in dispute, there appears to be a need to review the disciplinary history of the officers involved in this arrest to ascertain any notice of these officers propensities to defendant City of New York. As was held in Gibbs v. City of New York, 243 F.R.D. 95; 2007 U.S. Dist. LEXIS 39368, (May 30, 2007):

> Plaintiffs are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information. King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); Hurley v. Keenan, 1984 U.S. Dist. LEXIS 16888, at *8 (S.D.N.Y. 1984) ("[A]ny proceeding--whether administrative, civil or criminal--in which one of the defendants was *charged with or investigated for* possible abuses *of the type alleged* by plaintiff could yield relevant information") (emphasis added). That the prejudicial effect of unsubstantiated complaints might outweigh their probative value is something to be addressed when considering their admissibility as evidence, not their discoverability. See Reyes v. City of New York, 2000 U.S. Dist. LEXIS 15078 at *4-5 (S.D.N.Y. Oct. 16, 2000). Privacy concerns can be alleviated by an appropriate protective order and the redaction of personal information (like the officers' addresses and social security numbers) from the reports. See Smith v. Goord, 222 F.R.D. 238, 242 (N.D.N.Y. 2004).

See, Gibbs at 3-4.

Thank you in advance for your consideration.

Very truly yours:

David A. Zelman, Esq.

CC: Via Fax: 212 788 9776
Brooke Birnbaum, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007

*[Handwritten order:]* Plaintiff's motion to add Mr. Canto as a named defendant is granted. The parties are directed to meet and confer on any outstanding discovery disputes and only thereafter shall the bring any remaining disputes to the Court's attention.

SO ORDERED
[signature]
US MJ
3/21/08