UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JILLIAN REID-THOMAS,

07CV6477

Plaintiff,

**AMENDED
COMPLAINT**

-against-

PLAINTIFF
DEMANDS
TRIAL BY JURY

THE CITY OF NEW YORK,
DETECTIVE OSCAR L. DEL VALLE 83rd precinct ,
POLICE OFFICER CHRISTINE ROBLES 83rd precinct,
POLICE OFFICER LARRY CARITO 83rd precinct,,

Defendant,
_____X

PLAINTIFF JILLIAN REID-THOMAS by her attorney DAVID A. ZELMAN, Esq.,

for her COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF JILLIAN REID-THOMAS

(hereinafter "REID-THOMAS") seeks damages to redress the deprivation, under

color of state law, of rights secured to her under the Fourth, Fifth, Sixth and

Fourteenth Amendments of the United States Constitution. On or about June 9th,

2007, at 1220 Decatur Street, Apartment 1, Brooklyn NY 11207, REID-

THOMAS was falsely arrested by officers employed by the New York City Police

Department (hereinafter "NYPD").  It is alleged that the defendants falsely

arrested REID-THOMAS in violation of her constitutional rights, and as a result

REID-THOMAS was detained for approximately 19 hours.  REID-THOMAS was

forced to change her clothes in front of the police officers who were of opposite sex despite repeated claims of reluctance and embarrassment. REID-THOMAS was released from custody without charges filed. As a result of the incident, REID-THOMAS suffered loss of enjoyment of life, invasion of privacy, mental injury, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.   REID-THOMAS at all times resided at 1220 Decatur Street, Brooklyn, NY 11207.

4.   Defendant CITY is the municipal corporation that operates the New York City Police Department.

5.   Defendants POLICE JANE/JOHN DOE (hereinafter "DOE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

6.   Defendant DETECTIVE OSCAR L. DEL VALLE (hereinafter "DEL VALLE") of the 83rd precinct was an NYPD police officer, and at all relevant times hereto,

acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

7.    Defendant POLICE OFFICER CHRISTINE ROBLES (hereinafter "ROBLES") of the 83rd precinct was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment.

8.    Defendant POLICE OFFICER LARRY CARITO (hereinafter "CARITO") of the 83rd precinct was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

9.    At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of the New York City Police Department, and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10.    On or about June 8, 2007, REID-THOMAS came home to find her apartment door broken. REID-THOMAS subsequently learned police had broken down her door.

11.    On June 9, 2007 defendants started knocking loudly and kicking Plaintiffs door. Plaintiff opened the door and Defendants entered her apartment without consent. Defendants demanded to know where Plaintiff's husband was and she repeatedly said she was unaware of her husbands location. Nevertheless, Defendants drew

their service weapons.

12.    REID-THOMAS, overcome with fright and fear, urinated on herself. Plaintiff was told to change her clothes. Although Plaintiff repeatedly requested privacy, her pleas went ignored and she was forced to change in front of the Defendants who were both of the opposite-sex.

13.    Defendants searched the apartment. For approximately 45 minutes, REID-THOMAS was detained along with her two year old son. Plaintiff was then required to give her son to a neighbor while Defendants placed her in custody.

14.    REID-THOMAS was taken to the 83rd precinct and was handcuffed to a stationary object for approximately 18 hours.

15.    REID-THOMAS was then released from custody having never been charged.

16.    REID-THOMAS continues to have members of the NYPD knock on her door and have done so approximately three times since the date of the arrest.

17.    REID-THOMAS suffered greatly and was emotionally traumatized by her detention, imprisonment, continued and constant harassment and threats made to her by Defendants. She has sought medical attention twice for her psychological injuries resulting from this incident.

18.    That heretofore and on the July 16, 2007, REID-THOMAS's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of REID-THOMAS, the nature of the claim; the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19.   That at least thirty (30) days have elapsed since the demand or claim upon which

these actions are predicated was presented to CITY for adjustment or payment

thereof and that it has neglected and/or refused to make adjustment or payment

thereof.

## V.  FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20.   Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated

by reference herein.

21.   That Defendants had no valid evidence for the arrest of REID-THOMAS, nor

legal cause or excuse to seize and detain REID-THOMAS for a period of

approximately 19 hours.

22.   That in detaining REID-THOMAS for a period of 19 hours without a fair and

reliable determination of probable cause, Defendant CITY abused its power and

authority as policymaker of the New York City Police Department under the color

of State and/or local law.

23.   Upon information and belief, it was the policy and/or custom of Defendant CITY

to inadequately supervise and train their officers, staff, agents and employees,

thereby failing to adequately discourage further constitutional violations on the

part of their officers, staff, agents and employees.

24.   As a result of the above described policies and customs, the officers, staff, agents

and employees of defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

25.  The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of REID-THOMAS's rights alleged herein.

26.  By reason of defendants' acts and omissions, defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of REID-THOMAS's rights, subjected REID-THOMAS to an unlawful, illegal and excessive detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27.  By reason of the foregoing, REID-THOMAS suffered, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28.  Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29.  That the seizure, detention and imprisonment of REID-THOMAS was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison REID-THOMAS.

30.  That defendants intended to confine REID-THOMAS.

31.  That REID-THOMAS was conscious of the confinement and did not consent to the confinement.

32.  That the confinement was not otherwise privileged.

33.  By reason of Defendants acts and omissions, Defendants, acting in gross and wanton

disregard of REID-THOMAS' rights, deprived REID-THOMAS of her liberty when they subjected REID-THOMAS to an unlawful, illegal and excessive detention, in violation of State law.

34.    That by reason of the foregoing, REID-THOMAS suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to Federal Law (Illegal Search)

35.    Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36.    That defendants excessively searched REID-THOMAS's apartment.

37.    That the search in REID-THOMAS's apartment was unlawful in that Defendants had no warrant to enter, examine and/or search REID-THOMAS's residence and personal belongings.

38.    That upon information and belief, defendant CITY had a policy and/or custom of unlawfully searching residences without a warrant.

39.    That the search in REID-THOMAS's apartment was excessive, and damaging some of her personal property.

40.    By reason of the unlawful search in REID-THOMAS's apartment, defendants acting in gross and wanton disregard of REID-THOMAS's rights, deprived REID-THOMAS of her privacy and property, in violation of rights secured to her under the Fourth and Fourteenth Amendments of the United States Constitution.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

41.    Paragraphs 1 through 40 are hereby realleged and incorporated by reference herein.

42.    That Defendants strip searched REID-THOMAS absent a requisite reasonable suspicion that REID-THOMAS was concealing weapons and / or contraband.

43.    That Defendants had no legally sufficient cause to strip search REID-THOMAS.

44.    That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of REID-THOMAS'S rights, subjected REID-THOMAS to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

45.    Paragraphs 1 through 44 are hereby realleged and incorporated by reference herein.

46.    That Defendants strip searched REID-THOMAS absent a requisite reasonable suspicion that REID-THOMAS was concealing weapons and / or contraband.

47.    That Defendants had no legally sufficient cause to strip search REID-THOMAS.

48.    That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of REID-THOMAS'S rights, subjected REID-THOMAS to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the

United States Constitution.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That by requiring REID-THOMAS to get naked in their presence, Defendants intended to cause a sexual assault on REID-THOMAS.

51. That Defendants, in a hostile manner voluntarily caused REID-THOMAS'S injuries.

52. That Defendants actions constituted a sexual assault in violation of the laws of the State of New York.

53. That by reason of the foregoing, REID-THOMAS suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, REID-THOMAS has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, REID-THOMAS respectfully requests that judgment be entered:

1.    Awarding REID-THOMAS compensatory damages in a full and fair sum

to be determined by a jury;

2.    Awarding REID-THOMAS punitive damages in an amount to be

determined by a jury;

3.    Awarding REID-THOMAS interest from June 8, 2007; and

4.    Awarding REID-THOMAS reasonable attorney's fees pursuant to 42

USC §1988; and

5.    Granting such other and further relief as to this Court seems proper.

DATED:  Brooklyn, New York
        May 8, 2008

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

JILLIAN REID-THOMAS,

                                                                          07CV6477
                              Plaintiff,

                                                                          PLAINTIFF
                                                                          DEMANDS
              -against-                                                   TRIAL BY JURY

THE CITY OF NEW YORK,
DETECTIVE OSCAR L. DEL VALLE 83rd precinct ,
POLICE OFFICER CHRISTINE ROBLES 83rd precinct,
POLICE OFFICER LARRY CARITO 83rd precinct,

                              Defendant,
_____X

_____

                        **AMENDED COMPLAINT**

_____

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072