UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JILLIAN REID-THOMAS,

                                          Plaintiff,

                -against-

THE CITY OF NEW YORK,
DETECTIVE OSCAR L. DEL VALLE 83rd precinct,
POLICE OFFICER CHRISTINE ROBLES 83rd precinct,
POLICE OFFICER LARRY CARITO, 83rd Precinct,

                                          Defendants.

------------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT**

Jury Trial Demanded

07-CV-6477 (RJH)(DF)

        Defendants City of New York, Oscar Del Valle and Christine Robles, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:[1]

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff's detention.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] A review of the docket sheet indicates that plaintiff mailed the individual identified in the caption of the complaint as "Larry Carito" a waiver of service on or about May 12, 2008. As such, the Office of the Corporation Counsel of the City of New York is currently in the process of determining whether Officer Carito would like this office to represent him and if so, whether we can represent Officer Carito.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the States of New York and that the City of New York maintains a police department.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that Oscar Del Valle is employed by the City of New York as a Detective and state that the allegation that defendant Del Valle "acted within the scope of his employment "is a conclusion of law, rather than averment of fact, to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that plaintiff is suing defendant Christone Robles in her individual and official capacities and state that the allegation that defendant Robles "acted within the scope of her employment" is a conclusion of law, rather than averment of fact, to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that plaintiff is suing defendant Larry Carito in his individual and official capacities and state that the allegation that defendant Carito "acted within the scope of his employment" is a conclusion of law, rather than averment of fact, to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that the City of New York maintains a police department.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint.

12. Deny the allegations set forth in paragraph "12" of the Amended Complaint.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint, except admit that plaintiff was taken to the 83rd Precinct.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint, except admit that the District Attorney declined to prosecute this matter.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about July 17, 2007 and respectfully refer the Court to the document referenced therein for a true and accurate statement of its contents.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 17, 2007, and that the purported Notice of Claim has not been settled or otherwise disposed of.

20. In response to the allegations set forth in paragraph "20" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "19" of this answer as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

- 5 -

28. In response to the allegations set forth in paragraph "28" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that plaintiff was arrested and that any confinement was privileged.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. In response to the allegations set forth in paragraph "35" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "48" of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

54. The Amended Complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

55. At all times relevant to the acts alleged in the Amended Complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, the City is entitled to governmental immunity from liability.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

57. Plaintiffs' state law claims may be barred in part for failure to comply with conditions precedent to suit.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

59. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

60. There was probable cause for plaintiff's arrest and/or detention.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

61. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

62. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

63. Plaintiff's claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

64. At all times relevant to the incident alleged, defendants acted reasonably and in their proper and lawful exercise of their discretion.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

65. There was reasonable suspicion and/or probable cause for any search.

**WHEREFORE,** defendants request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           May 28, 2008

           MICHAEL A. CARDOZO
           Corporation Counsel of the
             City of New York
           Attorney for Defendants
           100 Church Street, Room 3-142
           New York, New York 10007
           (212) 676-1347

By: _____
    Brooke Birnbaum
    Assistant Corporation Counsel
    Special Federal Litigation Division

TO:   Mr. David A. Zelman, Esq. (By ECF)

Index No. 07-CV-6477 (RJH)(DF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JILLIAN REID-THOMAS,<br><br>                Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK,<br>DETECTIVE OSCAR L. DEL VALLE 83rd precinct,<br>POLICE OFFICER CHRISTINE ROBLES 83rd precinct, POLICE OFFICER LARRY CARITO, 83rd Precinct,<br><br>                Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants*<br> *100 Church Street*<br> *New York, New York  10007*<br><br> *Of Counsel:  Brooke Birnbaum*<br> *Tel:  (212) 676-1347*<br> *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................................. , 200..*<br><br>*......................................................................................... Esq.*<br><br>*Attorney for ................................................................................* |