



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BROOKE BIRNBAUM
*Assistant Corporation Counsel*
(212) 676-1347
(212) 788-9776 (fax)
bbirnbau@law.nyc.gov

May 15, 2008

**BY FAX**
Honorable Richard J. Holwell
United States District Judge
United States Courthouse, Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
MAY 15 2008
CHAMBERS OF
RICHARD J. HOLWELL

Re:   Reid-Thomas v. The City of New York et al
      07-CV-06477 (RJH)(DF)

Your Honor:

      As the Assistant Corporation Counsel assigned to the defense of the above-referenced civil rights matter, I write to respectfully request that the Court compel plaintiff to provide the following information and/or documents, which were requested by defendants in their First Request for Interrogatories and Production of Documents, dated November 9, 2007 and refused by plaintiff in her discovery responses, dated December 20, 2007. Defendants note that in an effort to avoid needless litigation, the parties conferred to discuss a possible resolution of these matters. Unfortunately, the parties were unable to come to an agreement.

      First, in an interrogatory, defendants requested that plaintiff identify all injuries claimed as a result of the incident and to identify the provider who rendered treatment to plaintiff. Plaintiff responded by identifying various alleged injuries, but did not identify any providers who treated any of these alleged injuries. While plaintiff objected to this interrogatory by stating that "it is not a more practical method of obtaining the information sought than a request for production or a deposition as mandated by Rule 33.3(b) of the Local Rules Civil Procedure for the Southern District of New York," defendants maintain that this limitation only applies to "interrogatories other than those seeking information described in [Local Civil Rule 33.3(a)]." Local Civil Rule 33.3(b). As the Court is aware, Local Civil Rule 33.3(a) allows for interrogatories "seeking the names of witnesses with knowledge of information relevant to the subject matter of the action," and the "custodian, location and general description of relevant documents." Local Civil Rule 33.3 (a). The request for plaintiff to identify the providers of any treatment rendered to her fits squarely within the provisions of Local Civil Rule 33.3 (a), since it seeks both the identity of witnesses with knowledge relevant to the action, and the custodian and/or location of relevant documents. Therefore, defendants respectfully request that the Court compel plaintiff to supplement her responses to provide this information. Defendants further

respectfully request that the Court instruct plaintiff to inform defendants if plaintiff did not receive treatment for any of the injuries claimed.

Second, in separate interrogatories, defendants requested that plaintiff identify; (1) all government agencies to whom she made complaints regarding the incident alleged in the complaint and (2) each occasion which plaintiff has given testimony or statements regarding the subject of the lawsuit. However, plaintiff again objected, citing Rule 33.3(b) of the Local Rules of Civil Procedure for the Southern District of New York. Defendants submit that both of these interrogatories request that plaintiff identify the custodian, location and/or general description of relevant documents. Accordingly, defendants respectfully request that the Court compel plaintiff to respond to these interrogatories. Defendants further respectfully request that the Court instruct plaintiff to inform defendants if plaintiff has made no such complaints or given no such statements.

Third, in an interrogatory, defendants requested that plaintiff identify all treating physicians and other medical providers that she intends to call at trial. As this interrogatory is clearly designed to identity the names of witnesses, defendants maintain that plaintiff's objection under Local Civil Rule 33.3 is baseless. As a result, defendants respectfully request that the Court compel plaintiff to provide this information.

Fourth, in an interrogatory, defendants requested that plaintiff identify all medical providers who have rendered treatment to her within the past ten years. Plaintiff objected and again cited Local Civil Rule 33.3 as well as the grounds that "it is overbroad, vague and unduly burdensome." As noted above, it is defendants' position that this request fits squarely within Local Civil Rule 33.3(a), as it seeks the custodian and/or location of relevant documents and/or witnesses. Moreover, as plaintiff asserts that she, "sought medical attention twice for her psychological injuries resulting from this incident," this information is clearly relevant. See Plaintiff's Complaint, ¶ 16. As a result, defendants submit that any treatment for physical, emotional or psychological injuries that plaintiff has received over the last ten years is relevant and necessary to determine the nature, extent and cause of plaintiff's alleged injuries. See, e.g., Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-223 (S.D.N.Y. 1994) ("since plaintiffs seek to prove that they have suffered emotional distress . . . defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not [related to the incident]"). Accordingly, defendants respectfully request that the Court compel plaintiff to provide this information.

Fifth, in a document request, defendants requested that plaintiff provide authorizations for the release of medical records for treatment received five years prior to the incident and all treatment received subsequent to the incident. Plaintiff objected on the grounds that its "overboard and invasive." However, as noted above, it is defendants' position that any such records are relevant to determine the nature, extent and cause of plaintiff's injuries.[1]

---

[1] Defendants note that in a response to a document request which requested that plaintiff provide these medical records (as opposed to authorizations for them), plaintiff asserted no objections and instead stated that other than the releases already provided, she and her attorney are unaware of any further records. As the only medical release defendants have received is for treatment received by plaintiff at Queens Hospital Center, this response implies that this was the only treatment received by plaintiff in the five years prior to the incident and the period subsequent to the incident, and appears to contradict plaintiff's objections to defendants' requests for releases for plaintiff's

-2-

Moreover, defendants maintain that plaintiff has put this information "at issue" by bringing the instant action. Therefore, defendants respectfully request that the Court compel plaintiff to provide this information.

Sixth, in an interrogatory, defendants requested that plaintiff identify each lawsuit to which she has been a party. In response, plaintiff objected under Local Rule 33.3. However, as noted above, whether plaintiff has ever been a party to another lawsuit, is relevant to determine if plaintiff has ever made a claim for damages similar to the claims arising in the instant action, and this request falls within the parameters of Rule 33.3(a), since it requests that plaintiff identify the custodian, existence and/or location of potentially relevant documents. This is especially true in the instant matter, where, in a response to an interrogatory, plaintiff asserted that she suffered emotional injuries as a result of the incident alleged in the complaint. Certainly, whether plaintiff filed any previous lawsuits alleging emotional injuries is relevant or reasonably calculated to lead to the discovery of admissible evidence regarding causation of plaintiff's purported injuries. Accordingly, defendants respectfully request that the Court compel plaintiff to provide this information.

Seventh, in separate interrogatories, defendants sought information regarding: (1) any applications plaintiff has made for worker's compensation; (2) any social security disability benefits she has applied for within the past ten years; (3) any application for Medicare and/or Medicaid within the past ten years; and (4), and whether plaintiff has made a claim with any insurance carrier for physical, mental or emotional injuries within the past ten years. Additionally, defendants requested authorizations for any such records. Plaintiff objected on the grounds that the requests were overbroad, unduly burdensome and not relevant. However, given plaintiff's claim for emotional injuries in this case, defendants submit that this information is relevant to determine whether plaintiff's alleged injuries resulted from the underlying incident or from some other source unrelated to this lawsuit. Additionally, because plaintiff is seeking damages, defendants are entitled to discovery of the types of claims plaintiff has made in the past and the amount, if any, of benefits and/or payments plaintiff has received from collateral sources. Therefore, defendants respectfully request that the Court compel plaintiff to provide this information.

Finally, in an interrogatory, defendants requested that plaintiff identify all of her employers for the past ten (10) years. In response, plaintiff objected and cited Local Civil Rule 33.3, and stated that there is a more practical method of obtaining the information sought. If plaintiff is not claiming lost income/employment, then defendants respectfully request that the Court compel plaintiff to so state in a sworn response. Notwithstanding, even if plaintiff is not claiming lost employment/lost income as a result of the incident, defendants respectfully request that the Court compel plaintiff to identify her employer at the time of the alleged incident and provide an executed release for her employment records for same. Defendants submit that plaintiff's employment records from the time of the incident may lead to the discovery of admissible evidence as to the nature, extent and duration of plaintiff's purported emotional

---

medical records for the five years prior to the incident. If this is in fact the only medical treatment (including treatment from psychologists, social workers and counselors) that plaintiff has received in the five years prior to the incident or since the incident, defendants respectfully request that the Court instruct plaintiff to inform defendants of said information, which will render this issue moot.

- 3 -

injuries. If plaintiff was unemployed at the time of, and subsequent to, the incident, defendants respectfully request that the Court compel plaintiff to so state in a sworn response.

Accordingly, defendants respectfully request that the Court compel plaintiff to provide the information and/or documents contained herein by a date certain. Defendants require this information prior to deposing plaintiff and as the Court is aware, discovery in this matter closes on June 13, 2008.

I thank Your Honor for Your attention to the within matters.

Respectfully submitted,

Brooke Birnbaum
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. David Zelman, Esq. (By Fax)

---

A discovery conference in this action shall be held on June 9, 2008 at 11:00 a.m.

SO ORDERED:
Date: 5/29/08
Richard J. Holwell, U.S.D.J.