UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JILLIAN REID-THOMAS,

                                               Plaintiff,

-against-

THE CITY OF NEW YORK,
DETECTIVE OSCAR L. DEL VALLE 83rd precinct,
POLICE OFFICER CHRISTINE ROBLES 83rd precinct,
POLICE OFFICER LARRY CARITO, 83rd Precinct,

                                               Defendant.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED COMPLAINT**

Jury Trial Demanded

07-CV-6477 (RJH)(DF)

        Defendant Larry Carito,[1] by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the Amended Complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Amended Complaint, except admits that plaintiff purports to proceed as stated therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the length of plaintiff's detention.

        2.     Denies the allegations set forth in paragraph "2" of the Amended Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Amended Complaint.

---

[1] Defendant City of New York, Oscar Del Valle and Christine Robles filed their answer to the Amended Complaint on May 28, 2008.

4. Denies the allegations set forth in paragraph "4" of the Amended Complaint, except admits that the City of New York is a municipal corporation duly organized and operating under the laws of the States of New York and that the City of New York maintains a police department.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6. Denies the allegations set forth in paragraph "6" of the Amended Complaint, except admits that Oscar Del Valle is employed by the City of New York as a Detective and state that the allegation that defendant Del Valle "acted within the scope of his employment "is a conclusion of law, rather than averment of fact, to which no response is required.

7. Denies the allegations set forth in paragraph "7" of the Amended Complaint, except admits that plaintiff is suing defendant Christone Robles in her individual and official capacities and state that the allegation that defendant Robles "acted within the scope of her employment" is a conclusion of law, rather than averment of fact, to which no response is required.

8. Denies the allegations set forth in paragraph "8" of the Amended Complaint, except admits that plaintiff is suing defendant Larry Carito in his individual and official capacities and state that the allegation that defendant Carito "acted within the scope of his employment" is a conclusion of law, rather than averment of fact, to which no response is required.

9. Denies the allegations set forth in paragraph "9" of the Amended Complaint, except admits that the City of New York maintains a police department.

10. Denies the allegations set forth in paragraph "10" of the Amended Complaint.

11. Denies the allegations set forth in paragraph "11" of the Amended Complaint.

12. Denies the allegations set forth in paragraph "12" of the Amended Complaint.

13. Denies the allegations set forth in paragraph "13" of the Amended Complaint.

14. Denies the allegations set forth in paragraph "14" of the Amended Complaint, except admits that plaintiff was taken to the 83rd Precinct.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint, except admits that the District Attorney declined to prosecute this matter.

16. Denies the allegations set forth in paragraph "16" of the Amended Complaint.

17. Denies the allegations set forth in paragraph "17" of the Amended Complaint.

18. Denies the allegations set forth in paragraph "18" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office of the City of New York on or about July 17, 2007 and respectfully refer the Court to the document referenced therein for a true and accurate statement of its contents.

19. Denies the allegations set forth in paragraph "19" of the Amended Complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 17, 2007, and that the purported Notice of Claim has not been settled or otherwise disposed of.

20. In response to the allegations set forth in paragraph "20" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "19" of this answer as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the Amended Complaint.

22. Denies the allegations set forth in paragraph "22" of the Amended Complaint.

23. Denies the allegations set forth in paragraph "23" of the Amended Complaint.

24. Denies the allegations set forth in paragraph "24" of the Amended Complaint.

25. Denies the allegations set forth in paragraph "25" of the Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint.

- 5 -

28. In response to the allegations set forth in paragraph "28" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "27" of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the Amended Complaint.

30. Denies the allegations set forth in paragraph "30" of the Amended Complaint, except admits that plaintiff was arrested and that any confinement was privileged.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint.

35. In response to the allegations set forth in paragraph "35" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "34" of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint.

37. Denies the allegations set forth in paragraph "37" of the Amended Complaint.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint.

39. Denies the allegations set forth in paragraph "39" of the Amended Complaint.

40. Denies the allegations set forth in paragraph "40" of the Amended Complaint.

41. In response to the allegations set forth in paragraph "41" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "40" of this answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Amended Complaint.

43. Denies the allegations set forth in paragraph "43" of the Amended Complaint.

44. Denies the allegations set forth in paragraph "44" of the Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Amended Complaint.

47. Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48. Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49. In response to the allegations set forth in paragraph "49" of the Amended Complaint, defendant repeats and realleges paragraphs "1" through "48" of this answer as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51. Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52. Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53. Denies the allegations set forth in paragraph "53" of the Amended Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

54. The Amended Complaint fails to states a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

55. There was reasonable suspicion and/or probable cause for any search.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

56. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendant.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

57. Plaintiff's state law claims may be barred in part for failure to comply with conditions precedent to suit.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

58. Defendant have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendant violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

59. At all times relevant to the incident alleged, defendant acted reasonably and in the proper and lawful exercise of his discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

60. There was probable cause for plaintiff's arrest and/or detention.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

61. Plaintiff provoked any incident.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

62. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

63. Plaintiff's claims may be barred in part by the applicable statute of limitations.

- 9 -

WHEREFORE, defendant requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 17, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendant Larry Carito
                100 Church Street, Room 3-142
                New York, New York 10007
                (212) 676-1347

By: _____
     Brooke Birnbaum
     Assistant Corporation Counsel
     Special Federal Litigation Division

TO:   Mr. David A. Zelman, Esq. (By ECF)

Index No. 07-CV-6477 (RJH)(DF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| JILLIAN REID-THOMAS,<br><br>                                                          Plaintiff,<br><br>                    -against-<br><br>THE CITY OF NEW YORK,<br>DETECTIVE OSCAR L. DEL VALLE 83rd precinct,<br>POLICE OFFICER CHRISTINE ROBLES 83rd precinct, POLICE OFFICER LARRY CARITO, 83rd Precinct,<br><br>                                                          Defendant. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Brooke Birnbaum*<br>*Tel:  (212) 676-1347*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitsted.*<br><br>*New York, N.Y. ............................................................... , 200..*<br><br>*........................................................................................ Esq.*<br><br>*Attorney for ................................................................................* |